## JOHN GOHN *et al.*

*v.*

## JOSEPH DŒRLE.

INSTRUCTION—*must not assume a material fact.* An instruction in an action by an employee against his employer, to recover for a personal injury alleged to have been caused by negligence or wrongful act of the defendant, is erroneous if it assumes the defendant was guilty of gross negligence. The jury should be left free to find, from the testimony, what duty the defendant had omitted, or what positive wrongful act he had done.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This suit was brought by Joseph Dœrle, by his next friend, Herman Dœrle, against John Gohn, Ferdinand Heim and

Michael Heim, to recover for personal injuries to plaintiff, while in their service. Defendants were engaged in the manufacturing of an ice box, called the "Triumph Refrigerator," and in their establishment they used and controlled a planing mill. Plaintiff was, at the time, about fifteen years old, and was hired to defendants by his father, as is averred, "for four dollars per week, to take plank and pieces of wood away from a certain planing machine in said planing mill of defendants, and to carry the same to such place or places as the defendants should direct," but was "to do and perform no other work for defendants." The ground of recovery, as alleged in the declaration, is, that one of defendants directed plaintiff to oil some part of the planing machine, and in attempting to do so, his hand was, in some way, drawn into it and injured. On the first trial the jury found for plaintiff, and assessed his damages at $700. That verdict was set aside, and a new trial awarded. On the second trial, the jury again found for plaintiff, and assessed his damages at $3000. The court overruled the motion for a new trial, and rendered judgment on the verdict. Defendants bring the case to this court, on appeal.

Mr. JOHN B. HAY, and Mr. M. MILLARD, for the appellants.

Mr. WILLIAM WINKELMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Conceding the contract to be as plaintiff insists it was, that he was hired to defendants for a service disconnected with any care of the machinery used in the establishment, it is extremely doubtful whether it is proven, by any preponderance of the evidence, he was ever directed by any of his employers to oil the machinery, in doing which he was injured. On that question the evidence is conflicting, but there is much that we think goes far to strengthen the positive denial of defendants they ever gave him such orders. However that may be, he says, himself, that if he "didn't want to do it" he could do "something else." He was at liberty to do or omit that ser-

vice, as he chose, according to his own version of the testimony. There is no doubt he had been cautioned to keep away from the machinery, and there is also testimony that tends, strongly, to support the theory the injury to plaintiff was the result of his own improper interference with the machinery in defendants' shop.

In view of the character of the evidence, the seventh instruction, given for plaintiff, was highly calculated to mislead the jury. It assumes, by its phraseology, " defendants were guilty of gross negligence." The jury ought to have been left free to find, from the testimony, what duty defendants had omitted, or what positive wrongful acts they had done, and it was improper for the court to assume the existence of facts which show defendants had been guilty of gross negligence, or to assume, as a conclusion, they were guilty of gross negligence. Either assumption was hurtful to the cause of defendants.

Other instructions given are subject to the criticism they do not state accurately the doctrine of comparative negligence, but the error in that regard is slight; and on another trial, if one shall be had, the court will make the instructions on that branch of the case conform to the law, as declared in the previous decisions of this court. *Chicago, Burlington and Quincy Railroad Co.* v. *Lee*, 68 Ill. 576, and cases cited.

The judgment will be reversed and cause remanded.

*Judgment reversed.*